UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

-------------------------------------------------------------------------X

STARLYNN YEAGER,                                          **COMPLAINT**

                            Plaintiff,

                                                             <u>Jury Trial Demanded</u>

-against-

SOLANTA CORP and DEAN SANTA, *individually and in his official capacity and as an aider and abettor,*

                          Defendants.

-------------------------------------------------------------------------X

Plaintiff STARLYNN YEAGER, by and through her attorney, LAW OFFICE OF MATTHEW S. PORGES, complaining of the Defendants herein, alleges, upon knowledge as to herself and her own actions, and upon information and belief as to all other matters:

## **JURISDICTION AND VENUE**

1.     This is a civil action based upon Defendants' violations of the Title VII of the Civil Rights Act of 1964, as amended; New York State Human Rights Law (New York Executive Law §292 *et seq.*), as amended; New York City Human Rights Law (New York City Administrative Code §8-107 *et seq.*), as amended; and all other applicable federal, state and local laws and regulations that can be inferred from the facts set for the herein.

2.     The jurisdiction of this Court is invoked pursuant to 28 U.S.C. § 1331 and 28 U.S.C. § 1343(4). The supplemental jurisdiction of the Court (28 U.S.C. § 1367) is invoked over state and local law causes of action.

3.     Venue is proper pursuant to 28 U.S.C. § 1391(b).

4.     The jurisdictional prerequisites to this lawsuit have been completed. On November 3, 2021, Plaintiff filed an administrative complaint with the Equal Employment

1

Opportunity Commission ("EEOC"). The EEOC acknowledged receipt of the filing on November 19, 2021.

5. The EEOC issued Plaintiff a Right to Sue letter dated June 2, 2022. Copies of the Right to Sue letter are attached hereto as **Exhibit A**. This action is being filed less than ninety (90) days after the Right to Sue Letter was issued.

## PARTIES

6. Plaintiff STARLYNN YEAGER ("Yeager") was, at all relevant times, a citizen of the county of Kings, City and State of New York. Yeager was an intern of Defendant Solanta Corp.

7. Defendant SOLANTA CORP ("Solanta") is a New York domestic business corporation. Defendant Solanta Corp has a principal place of business at Building 77, 141 Flushing Avenue, Suite 505, Brooklyn NY 11205.

8. Defendant DEAN SANTA was and is the Chief Executive Officer of Solanta.

## FACTS

9. In December 2020, Plaintiff Starlynn Yeager interviewed for employment with Defendant Solanta.

10. After Yeager successfully interviewed, she was given a trial employment for two weeks, wherein she was assigned work but not paid.

11. Yeager applied for a New York State Energy Research and Development Authority ("NYSERDA") paid internship and was approved. This internship allowed Yeager to work for Defendant Solanta because Solanta is a "Solar and Smart Home project development company."

12. On January 4, 2021, Yeager commenced her official (non-trial) employment with Defendant Solanta, in the position of an intern.

13. Throughout her employment with Defendant Solanta, Yeager's work performance was satisfactory or better.

### Discrimination, Sexual Harassment, and Retaliation

14. Within the two week trial period, Santa told Chris Suriel, a business partner at Solanta, that Santa believed that Yeager was flirting with him. Suriel disabused Santa of that belief, explaining Yeager that is only attracted to females and that Yeager is just a friendly person (and, thus, was not being flirtatious).

15. During the second week of her official internship, Yeager stayed late at the office so that she could attend a college class. While Yeager was still at the office, Dean brought her an alcoholic drink. The rest of the employees had left the office. Yeager and Dean had a few work-related conversations and then Santa asked Yeager, "are you lesbian, cause a little birdie told me you was?" Yeager responded, "Yes, but I don't like that word, I just prefer women."

16. After a few more conversations while they were drinking, Santa came to the other side of the desk and sat next to Yeager, who was, at that point, drunk. Yeager was falling out of her seat, but Santa pulled her back to sitting upright. Santa picked Yeager up and bounced her up and down. Yeager asked Santa to put her down and told him that she felt his penis. At the time, Santa's penis was erect. Santa acknowledged what he had been doing and apologized to Yeager.

17. Later, Yeager was gathering her things by her desk when Santa came up behind her, grabbed her breasts, turned Yeager around to pull her to him, and kissed her. Yeager was speechless and immediately left in an Uber.

18. The following day, during the workday, Yeager told Santa that she was not fine with what happened and she wanted to keep their relationship strictly professional.

19. Nonetheless, that day, Santa was constantly groping Yeager, touching her, and attempting to kiss her. For example, he grabbed her buttocks as he walked by her. He also came up behind her as she was bent over organizing inventory and groped her vaginal area from the front all the way towards her buttocks. Yeager looked up at him, shocked.

20. In approximately the middle of January 2021, Yeager called Santa and told him that he made her feel very uncomfortable and objectified and that she did not wish to be involved with him in that manner. Santa suggested that Yeager actually liked his touching her. She denied that assertion and asked for Santa to become more professional.

21. Despite Yeager's telling Santa that his conduct was unwanted, she constantly had to tell him to stop his behavior, which included, but was not limited to, the following:

    a. When Yeager explained work-related matters to Santa, he often would bite his lip, stare at her, and call her "hot," "Alpha" or "sexy;"

    b. Santa would stare at Yeager's buttocks during the workday;

    c. Santa would stand near Yeager's desk or in the small walkway through which she would have to pass, so she would have force her way by him; and

    d. Santa would stand over Yeager and smell her.

22. After every or almost every time when Yeager demanded that Santa not be sexually inappropriate, he would become more aggressive toward Yeager and he would belittle her in front of other employees, including the Human Resources Manager.

23. Starting in early February 2021, Elizabeth Davis, the Human Resources Manager and a minor owner of the company, accused Yeager of flirting and/or being sexual with Santa, who Davis was dating. Davis told Yeager to "stay away from my man." Because of this conduct, Yeager did not feel that she could report Santa's conduct to Davis.

24. In March 2021, Yeager and Santa went to a project together called FTRE. During that project, Santa twice put his hand on Yeager's thigh, leading Yeager repeatedly move her legs as far away from Santa as possible.

25. After they returned to the office, Santa and Yeager went to restaurant, where he grabbed her hand. Yeager was scared to pull away because of the aggressive manner in which Santa had reacted when she had indicated her uncomfortableness before.

26. Santa offered a drink to Yeager, but she refused the drink, indicating that when Santa drinks, he becomes too touchy. He said, "I know I gotta stop."

27. On another occasion, Yeager and Santa were having an employee meal when Santa suddenly, said, "I want you to dominate me." Yeager asked what he meant and Santa replied, "Like I want you to dominate me by sitting on my face." He then apologized, as she looked at him with a crazy face.

28. On another occasion, Yeager was leaning over a co-worker's desk to find a highlighter, Santa came behind her and started rubbing his hands up her back and then into her bra. She was shocked and nudged him off.

5

29. Yeager sought to move her desk to a space with more witnesses around, but Santa blocked those attempts.

30. On March 13, 2021, Yeager and Santa went to Home Depot to purchase some materials. Santa grabbed Yeager's buttocks in the checkout area and attempted to kiss her in the tool rental section.

31. After he touched her buttocks at Home Depot, she nudged him and looked at him crazily. He said, "what, nobody can see," but Yeager did not change her expression. Santa then said, "unless it's not okay with you?" Yeager told him that it was not ok and then went to the bathroom to compose herself.

32. The next week, Yeager proceeded to work, determined to finish her internship.

33. However, on March 22, 2021, Yeager resigned from her internship at Solanta, as she could not take the continued harassment. Yeager texted Dean and said, "I'm writing to let you know, I will not be returning back to Solanta Corp. I am no longer comfortable working in the office after the situation at Home Depot."

34. Upon information and belief, Santa had been telling co-workers, at least, that Yeager was bad at her job and she did not do her work, both of which were false.

35. On or about April 16, 2021, Yeager called Davis to inform Davis of why Yeager had resigned her position.

36. Davis would later admit that Santa had engaged in inappropriate conduct with other female employees.

## **CAUSES OF ACTION**

### FIRST CAUSE OF ACTION AGAINST SOLANTA
(Gender Discrimination)

32. Plaintiff repeats and re-alleges each and every allegation above as though more fully set forth herein.

33. Based on the foregoing, Yeager was subjected to discrimination based on her gender (female) and her sexual orientation (same-sex oriented), as supervisor Santa repeatedly and continually harassed, groped, sexually assaulted, criticized, and made comments about Yeager, based on her sex and her sexual orientation.

34. That discrimination violates Title VII of the Civil Rights Act of 1964, as amended; New York Executive Law §292 *et seq.*, as amended; New York City Administrative Code §8-107 *et seq.*, as amended; and all other applicable federal, state and local laws and regulations, that can be inferred from the facts set for the herein.

35. Because of Defendants' discriminatory actions against Plaintiff, Plaintiff has suffered a loss of earnings and benefits, future earnings and benefits, great pain, mental anguish and physical injury. Plaintiff is thus entitled to all forms of applicable compensatory damages, equitable relief, and any other damages and/or remedies permissible under law.

## SECOND CAUSE OF ACTION AGAINST SOLANTA
(Hostile Work Environment)

36. Plaintiff repeats and re-alleges each and every allegation above as though more fully set forth herein.

37. As detailed above, Santa engaged in very severe and pervasive sexual harassment of Plaintiff, through his sexually-charged comments and by groping, fondling, and sexually assaulting Plaintiff on an ongoing basis during the few months during which Plaintiff was an intern for Defendant Solanta. That conduct altered the conditions of Plaintiff's employment, creating an abusive working environment, whereby Plaintiff could not perform the duties of her internship without being subjected the aforementioned sexual harassment or worse by Santa, who was the CEO of Solanta and Plaintiff's supervisor. Santa thus had the opportunity to impact the terms and conditions of Plaintiff's employment with Solanta.

38. That sexual harassment violates Title VII of the Civil Rights Act of 1964, as amended; New York Executive Law §292 *et seq.*, as amended; New York City Administrative Code §8-107 *et seq.*, as amended; and all other applicable federal, state and local laws and regulations, that can be inferred from the facts set for the herein.

39. Because of Defendants' sexually harassment conduct against Plaintiff, Plaintiff has suffered a loss of earnings and benefits, future earnings and benefits, great pain, mental anguish and physical injury. Plaintiff is thus entitled to all forms of applicable compensatory damages, equitable relief, and any other damages and/or remedies permissible under law.

## THIRD CAUSE OF ACTION AGAINST SOLANTA
(Constructive Discharge)

40. Plaintiff repeats and re-alleges each and every allegation above as though more fully set forth herein.

41. Santa's conduct was so severe and pervasive that Plaintiff resigned from an internship in her chosen field only months into that internship.

42. The aforementioned discrimination and harassment to which Plaintiff was subjected and which is described above was so severe and/or extreme that a reasonable person in Plaintiff's position would have felt compelled to resign.

43. That constructive discharge violates Title VII of the Civil Rights Act of 1964, as amended; New York Executive Law §292 *et seq.*, as amended; New York City Administrative Code §8-107 *et seq.*, as amended; and all other applicable federal, state and local laws and regulations, that can be inferred from the facts set for the herein.

44. Because of Defendants' constructive discharge of Plaintiff, Plaintiff has suffered a loss of earnings and benefits, future earnings and benefits, great pain, mental anguish and physical injury. Plaintiff is thus entitled to all forms of applicable compensatory damages, equitable relief, and any other damages and/or remedies permissible under law.

## **CLAIM AGAINST DEAN SANTA**
(Aiding and Abetting in Violation of
New York State Human Rights Law and
New York City Human Rights Law)

40. Plaintiff repeats and re-alleges each and every allegation above as though more fully set forth herein.

41. Defendant DEAN SANTA aided, abetted, incited, compelled and/or coerced the aforementioned discriminatory, harassing, and retaliatory conduct in violation of the New York State Executive Law § 296(6) and New York City Administrative Code §8-107(6). That discriminatory conduct included, but was not limited to, Santa's making discriminatory and/or sexually harassing comments toward Plaintiff, as well as groping, fondling, and/or sexually assaulting Plaintiff.

42. By reason of the foregoing, Plaintiff has suffered a loss of earnings and benefits, future earnings and benefits, great pain, mental anguish and physical injury. Plaintiff is thus entitled to all forms of applicable compensatory damages, equitable relief, and any other damages and/or remedies permissible under law.

WHEREFORE, Plaintiff demands judgment against Defendants in the form of and/or for compensatory, emotional, physical, and punitive damages (where applicable), lost pay, front pay, interest, injunctive relief, and any other damages permitted by law. Plaintiff also demands judgment against Defendants for each cause action and for all applicable and permissible damages, in an amount to be assessed at the time of trial. Plaintiff further seeks injunctive relief, including but not limited to, a permanent injunction enjoining all Defendants and their agents from any further actions abridging Plaintiff's rights. Plaintiff further demands all attorneys' fees, disbursements, and other costs and all further relief, equitable or otherwise, to which Plaintiff is entitled and/or which the court deems just and proper.

Dated: Brooklyn, New York
       July 20, 2022

                                    Law Office of Matthew S. Porges
                                    *Attorney for Plaintiff*
                                    32 Court Street, Suite 904
                                    Brooklyn, New York 11201
                                    mspesq@mspesq.com
                                    (718) 673-2578 (Phone)

                                    _____
                                    MATTHEW S. PORGES (MP-5286)

## VERIFICATION

STATE OF NEW YORK          )
                           : ss.:
COUNTY OF KINGS            )

STARLYNN YEAGER, being duly sworn, deposes and says:

I am the Plaintiff in this action. I have read the attached Complaint. That Complaint is true to my own personal knowledge, except as to matters therein stated to be alleged on information and belief, and, as to those matters, I believe them to be true.

_____
STARLYNN YEAGER

Sworn to before me this
20th day of July, 2022

_____
Notary Public

LIANA COLON
NOTARY PUBLIC-STATE OF NEW YORK
No. 01CO6386763
Qualified in Kings County
My Commission Expires 01-28-2023