UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

———————————

№ 22-CV-04297 (LDH) (RER)

———————————

STARLYNN YEAGER

VERSUS

SOLANTA CORP AND DEAN SANTA

———————————

**REPORT & RECOMMENDATION**

February 21, 2023

———————————

TO THE HONORABLE LASHANN DEARCY HALL
UNITED STATES DISTRICT JUDGE

**RAMON E. REYES, JR., U.S.M.J.:**

Starlynn Yeager ("Plaintiff" or "Yeager") brought this action against Solanta Corp ("Solanta") and Dean Santa ("Santa") (collectively, "Defendants"), alleging gender discrimination, hostile work environment, and constructive discharge under Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. § 2000e, New York Executive Law §§ 292 *et seq.*, and New York City Administrative Code §§ 8-107 *et seq.* against Solanta, as well as aiding and abetting in violation of New York Executive Law § 296(6), and New York City Administrative Code § 8-107(6) against Santa. (ECF No. 1 ("Compl.")). Pending before the Court is Plaintiff's Motion for Default Judgment (ECF No. 11 ("Mot. for Default J.")), which Your Honor referred to me for a Report and Recommendation (Order dated 10/21/2022).

After carefully reviewing the record, and for the reasons set forth herein, I respectfully recommend that Plaintiff's Motion for Default Judgment be denied without prejudice for

1

Plaintiff's failure to comply with Local Civil Rule 7.1(a)(2) and the Servicemembers Civil Relief Act, 50 U.S.C. § 3931(b)(1).

## BACKGROUND

This case involves discrimination based on gender, hostile work environment, sexual harassment, and constructive termination that Yeager suffered at the hands of Santa throughout her employment at Solanta, a solar and smart home project development company. (ECF No. 13 ("Pl. Aff.") ¶ 2; Compl. ¶¶ 11, 14–36). On January 4, 2021, Yeager began her employment with Solanta as an intern. (Compl. ¶ 12). Santa's inappropriate treatment of Yeager began during the second week of her internship (*id.* ¶¶ 15–17) and persisted through March 2021, when Yeager resigned from Solanta (*id.* ¶ 33). During Yeager's employment, Santa, Solanta's Chief Executive Officer (*id.* ¶ 8), "repeatedly and continually harassed, groped, sexually assaulted, criticized, and made comments about Yeager, based on her sex and sexual orientation" (*id.* ¶ 33). Santa did so despite Yeager's persistent pleas that Santa stop his behavior. (*Id.* ¶ 15–21). At one point, Elizabeth Davis ("Davis"), Solanta's Human Resource Manager and a minor owner of the company, "accused Yeager of flirting and/or being sexual with Santa, who Davis was dating." (*Id.* ¶ 23). Yeager alleges that "[b]ecause of this conduct, [she] did not feel that she could report Santa's conduct to Davis." (*Id.*). Upon her resignation, Yeager cited Santa's continued harassment, stating that she was "no longer comfortable working in the office[.]" (*Id.* ¶ 33).

Plaintiff filed this claim on July 20, 2022,[1] alleging gender discrimination, hostile work environment, and constructive discharge against Solanta, and aiding and abetting violations of New York State and New York City Human Rights Law against Santa. After filing the Complaint,

---

[1] Plaintiff filed this lawsuit after the EEOC issued her a Right to Sue letter dated June 2, 2022, which Plaintiff states is attached as Exhibit A to the Complaint. Compl. ¶ 5. However, the Court notes that the Right to Sue letter is missing from the filing.

2

Plaintiff timely served copies of the Summons and Complaint on Solanta through the New York Secretary of State (ECF No. 6, ECF No. 12 ("Mot. for Default J. Memo") at 1) and on Santa through a co-occupant at his home (ECF No. 7, Mot. for Default J. Memo at 1). On September 29, 2022, this Court ordered that (a) the parties must file a stipulation extending the defendants time to answer, (b) the plaintiff must file a motion for the entry of a notation of default or (c) the defendants must file an answer no later than October 7, 2022. (Order dated 9/29/2022). Plaintiff requested the entry of default on the same day (ECF No. 8), which the Clerk of the Court entered on October 5, 2022 (ECF No. 9). On October 6, 2022, Plaintiff moved to extend the time to move for default judgment to October 21, 2022 (ECF No. 10), which the Court granted. (Order dated 10/7/2022). Plaintiff filed this Motion on October 20, 2022. (Mot. for Default J.). Plaintiff's Motion was accompanied by three documents filed concurrently, including a Memorandum of Law in Support of Plaintiff's Motion for Default Judgment, an Affidavit of Merit, and the Proposed Default Judgment (ECF No. 14 ("Proposed Default J.")). Plaintiff filed an Affirmation of Service signed by counsel, indicating that the Motion and supporting papers were sent via mail to Solanta and Santa at Solanta's principal place of business, and to Santa at his home address. (Mot. for Default J. at 16; *see also* Compl. ¶ 7; ECF. No. 7).

## DISCUSSION

I.  Default Judgment Legal Standard

Rule 55 prescribes a two-step procedure that a plaintiff must conduct before obtaining a default judgment. *J & J Sports Prods., Inc. v. RK Soto Enters.*, No. 17-CV-2636 (WFK) (VMS), 2020 WL 7684894, at *5 (E.D.N.Y. Feb. 7, 2020) (citing *Bricklayers & Allied Craftworkers Loc. 2, Albany, N.Y. Pension Fund v. Moulton Masonry & Const., LLC*, 779 F.3d 182, 186 (2d Cir. 2015)), *adopted by* 2020 WL 7041089 (Dec. 1, 2020). First, when a defendant fails to plead or otherwise defend

3

against an action, "the clerk must enter the party's default." Fed. R. Civ. P. 55(a). Following entry of default, the plaintiff must apply to the court for a default judgment. Fed. R. Civ. P. 55(b). Upon application, the court is required to "accept all of the [plaintiff's] factual allegations as true and draw all reasonable inferences in its favor." *Finkel v. Romanowicz*, 577 F.3d 79, 84 (2d Cir. 2009) (citing *Au Bon Pain Corp. v. Artect, Inc.*, 653 F.2d 61, 65 (2d Cir. 1981)).

II.   Plaintiff's Motion Should be Denied for Failure to Comply with Local Civil Rule 7.1 and the Servicemembers Civil Relief Act

A motion for default judgment will be denied if the movant fails to follow all relevant procedural rules. *Bhagwat v. Queens Carpet Mall, Inc.*, No. 14-CV-5474 (ENV) (PK), 2017 WL 9989598, at *1 (E.D.N.Y. Nov. 21, 2017); *see also Contino v. United States*, 535 F.3d 124, 126 (2d Cir. 2008) ("Local rules have the force of law, as long as they do not conflict with a rule prescribed by the Supreme Court, Congress, or the Constitution."); *United States v. Hamilton*, No. 18-CV-2011 (ADS) (SIL), 2019 WL 6830318, at *2 (E.D.N.Y. Nov. 26, 2019) ("[C]ourts in the Eastern and Southern Districts regularly deny [default judgment] motions when strict procedural compliance is lacking."), *adopted by* 2019 WL 6828276 (Dec. 13, 2019). Plaintiff's motion for default judgment should be denied without prejudice as she failed to comply with Local Civil Rule 7.1, as well as the Servicemembers Civil Relief Act.

   A.   Plaintiff Failed to Comply with Local Civil Rule 7.1

Local Civil Rule 7.1 requires that all motions contain, *inter alia*, "a memorandum of law, setting forth the cases and other authorities relied upon in support of the motion, and divided, under appropriate headings, into as many parts as there are issues to be determined[.] . . ." Loc. Civ. R. 7.1(a)(2). Such memoranda of law must be more than merely "cursory." *See Pompey v. 23 Morgan II, LLC*, No. 16-CV-2065 (ARR) (PK), 2017 WL 1102772, at *3 (E.D.N.Y. Feb. 13, 2017) (denying a motion for default judgment in part for submitting a "cursory" memorandum of law

that cited only two cases). The failure to comply with Local Rule 7.1 is enough reason on its own to deny the motion. *See US All. Fed. Credit Union v. M/V Kamara Fam.*, No. 20-CV-1733 (AMD) (SJB), 2021 WL 1795313, at *1 (E.D.N.Y. Apr. 16, 2021) ("Plaintiff's motion does not cite to a single case or statutory authority explaining Plaintiff's entitlement to the relief sought. This warrants denial of the motion."), *adopted by* 2021 WL 1784316 (E.D.N.Y. May 5, 2021); *Pompey v. 23 Morgan II, LLC*, No. 16-CV-2065 (ARR) (PK), 2017 WL 1102772, at *3 (E.D.N.Y. Feb. 13, 2017) (citing *Cardoza v. Mango King Farmers Mkt. Corp.*, No. 14-CV-3314 (SJ) (RER), 2015 WL 5561033, at *2 n.4 (E.D.N.Y. Sept. 1, 2015), *adopted by* 2015 WL 5561180 (Sept. 21, 2015)) ("The absence of a memorandum of law that comports with the requirements of Rule 7.1 could alone form a basis for denying Plaintiff's motion.").

Here, Plaintiff's memorandum of law clearly runs afoul of the requirements of Local Rule 7.1(a)(2). This memorandum of law is a mere three-pages short and contains only a brief procedural history, followed by an "argument" section that consists of the text of Federal Rule of Civil Procedure 55 and a brief request that the court grant default judgment. (Mot. for Default J. Memo at 2–3). The memorandum cites no case law in support of the Motion, nor does it include separate sections discussing the issues before the Court or why the Plaintiff is entitled to judgment on each of her claims. Accordingly, Plaintiff's failure to comply with Local Civil Rule 7.1 warrants denial of the Motion for Default Judgment.

B. <u>Plaintiff Failed to Comply with the Servicemembers Civil Relief Act</u>

The Motion for Default Judgment also does not comply with the Servicemembers Civil Relief Act. 50 U.S.C. § 3931(b)(1). Upon default, a plaintiff is required to file an affidavit with facts establishing whether the defendant is serving in the military. *Id.* "[A] proper non-military affidavit must be based on facts adduced from an investigation conducted *after a defendant defaults*."

*Sudilovskiy v. City WAV Corp.*, No. 22-CV-469 (DG) (RLM), 2022 WL 4586307, at *3 (E.D.N.Y. Sept. 29, 2022) (emphasis added); *see also Apex Mar. Co. v. Furniture, Inc.*, No. 11-CV-5365 (ENV) (RER), 2012 WL 1901266, at *1 (E.D.N.Y. May 18, 2012) (quoting *J & J Sports Prods. Inc. v. Martinez,* No. 07-CV-3455 (ENV) (RER) (E.D.N.Y. Feb. 13, 2009)) ("The non-military affidavit must be based not only on an investigation conducted after the commencement of an action or proceeding but also after a default in appearance by the party against whom the default judgment is to be entered."); *Uribe v. Nieves*, No. 17-CV-5155 (RRM) (RER), 2018 WL 4861377, at *1 (E.D.N.Y. Sept. 26, 2018) ("The affidavit must provide the specific facts necessary to support the conclusion stated, and may not be based on conclusory statements or on 'information and belief.'"). A plaintiff's failure to submit a proper nonmilitary affidavit or otherwise comply with this Act is grounds to deny a motion for default judgment. *Uribe*, 2018 WL 4861377, at *1.

Here, the record does not establish compliance with this Act. Although the affidavit of service of the Summons and Complaint indicates that, "[u]pon information and belief," Santa "is not active in the U.S Military Service in any capacity," and that "[n]o specific active military information was provided by the person spoken to when questioned during service" (ECF No. 7), this statement was submitted prior to Defendants' default. (ECF Nos. 9, 10). Plaintiff has otherwise failed to state or show that the requisite investigation into Santa's military service was performed after default. Thus, Plaintiff has not yet demonstrated compliance with the Servicemembers Civil Relief Act.[2] Plaintiff's failure to comply with the Act provides additional grounds to deny the Motion for Default Judgment.

---

[2] It is possible to obtain a report certifying active-duty military status through the Servicemembers Civil Relief Act website. *See* https://scra.dmdc.osd mil/scra.

6

**CONCLUSION**

For the reasons set forth above, I respectfully recommend that Plaintiff's Motion for Default Judgment be denied without prejudice and with leave to renew.

Any objections to the recommendations made in this Report must be filed with the Clerk of the Court and the Honorable LaShann DeArcy Hall within fourteen (14) days of receipt hereof. Failure to file timely objections waives the right to appeal the District Court's Order. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72; *Small v. Sec'y of Health & Human Servs.*, 892 F.2d 15, 16 (2d Cir. 1989).

RESPECTFULLY RECOMMENDED.

**/s/ Ramon E. Reyes, Jr.**

RAMON E. REYES, JR.
United States Magistrate Judge

Dated: February 21, 2023
Brooklyn, NY